SAARIO v. CHARLES F. VACHRIS, Inc., et al.

No. 15.

Circuit Court of Appeals, Second Circuit.

Nov. 5, 1945.

670

George J. Stacy, of New York City, for appellee Charles F. Vachris, Inc.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

█ The jury could reasonably have believed that Vachris' foreman told Pecora to aid Lessne in the unloading operation. On that basis, the jury could properly have found that Vachris became a party to that operation. Vachris' employees, and Pecora in particular, knew that McAllister's men were accustomed to stream across the lot. The jury could properly have inferred that there was no reason why those men might not have legitimately crossed at the particular place where the accident occurred. Moreover, Pecora knew that some of Vachris' employees were nearby and might be about when the lumber was unloaded; accordingly, as Pecora knew that some persons legitimately on the lot might be injured if reasonable care was not taken to warn them, Vachris owed such persons a commensurate duty of due care. Appellant was a person legitimately on the lot· It is immaterial whether McAllister's men had ever previously crossed where the accident happened. It was therefore improper to instruct the jury that Vachris' liability depended on Pecora's actual knowledge of the plaintiff's presence.

█ Lessne likewise knew that there were men legitimately on the lot and not far from the place of unloading. That knowledge also put upon Lessne and the lumber company a duty, to persons legitimately on the lot who might pass near the truck, to use due care in the unloading. Indeed, the fact that Lessne directed Pecora to watch for persons who might pass the rear of the truck indicates that Lessne was aware of such a duty. The jury, under proper instructions, could reasonably have found that Pecora, acting as the assistant of Lessne and the lumber company, did not, on their behalf, discharge this duty. Under the instructions given, however, the jury was precluded from thus considering the evidence; for it was told, in effect, that Lessne and the lumber company were not liable absent actual knowledge on Lessne's part of the presence of appellant.

Reversed.

J. Alfred Anderson, of Fitchburg, Mass., for appellant.

Frederick M. Garfield, of New York City (Harold M· Harkavy, of New York City, of counsel), for appellees Grand Wrecking & Lumber Corporation and Sam Lessne.